MEMORANDUM*
Attorneys Geraldine A. Valdez and Enrique Hernandez-Pulido appeal from the bankruptcy court’s imposition of sanctions. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.
Although the district court remanded to the bankruptcy court to reconsider the amount of sanctions against Valdez, we have jurisdiction to consider the legal question of whether the attorneys’ conduct was sanctionable. See In re Lehtinen, 564 F.3d 1052, 1057 (9th Cir.2009); In re Dyer, *518 322 F.3d 1178, 1187 (9th Cir.2003). And, although Kismet has relinquished any claim to the sanctions awarded against the attorneys, this does not moot the appeal. The sanction awarded against Hernandez — twenty hours of Continuing Legal Education in ethics — cannot be relinquished by Kismet. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1108-09 (9th Cir.2005); Riverhead Sav. Bank v. Nat’l Mortg. Equity Corp., 893 F.2d 1109, 1112 (9th Cir.1990). The sanction awarded against Valdez — -joint and several liability for roughly $700,000 in compensatory sanctions awarded against her client — was vacated by the district court. On remand, the bankruptcy court might award monetary sanctions payable to the court or a nonmonetary sanction, neither of which could be relinquished by Kismet. See Lasar, 399 F.3d at 1108-09; Riverhead Sav. Bank, 893 F.2d at 1112. Thus, Valdez has a legally cognizable interest in the outcome of this case.
This Court “directly review[s] the bankruptcy court’s decision.” In re Caneva, 550 F.3d 755, 760 (9th Cir.2008). A bankruptcy court’s imposition of sanctions pursuant to its inherent authority is reviewed for abuse of discretion. See Doi v. Halekulani Corp., 276 F.3d 1131, 1140 (9th Cir.2002); cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
Here, the bankruptcy court did not abuse its discretion. First, Valdez’s objections to the documents proposed by Kismet to transfer the Villa interest were, even if technically correct, substantially motivated by bad faith. See Dyer, 322 F.3d at 1196; Fink v. Gomez, 239 F.3d 989, 992 (9th Cir.2001). Valdez knew that her client would not sign even correct transfer documents, and her purpose in objecting was to delay implementation of the bankruptcy court’s judgment. See Primus Auto. Fin. Servs., Inc. v. Botarse, 115 F.3d 644, 649 (9th Cir.1997). Second, Valdez encouraged her client to obtain an amparo injunction in Mexico to delay and frustrate the required transfer of the Villa interest to Kismet, and Hernandez advised that the amparo should be recorded and concealed from Kismet. See Dyer, 322 F.3d at 1196; Primus, 115 F.3d at 649. Even if his duty to protect client confidences prevented Hernandez from notifying Kismet of the amparo, he was not permitted to advise his client to keep the amparo secret, thus facilitating the ampa-ro ’s being recorded and used to impede implementation of the judgment.
Finally, in light of the district court’s vacatur of the compensatory sanctions awarded against Valdez, her argument that those sanctions are not supported by a proper finding of causation is inapposite.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.